

**ERNEST D. DAVIS**
**MAYOR**

CITY OF MOUNT VERNON, NEW YORK
DEPARTMENT OF LAW
CITY HALL
ONE ROOSEVELT SQUARE, MOUNT VERNON, NY 10550
(914) 665-2366 • FAX (914) 665-9142
WWW.CI.MOUNT-VERNON.NY.US

ASSISTANT COUNSELS
HINA SHERWANI
BRIAN G. JOHNSON
JENNIFER RATAN
OSAFO BARKER
LEE BRADFORD GORSON

LEGAL INVESTIGATOR
MICHAEL V. LENTINI

December 15, 2014

Honorable Cathy Seibel
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, New York 1060-4150

Re:    14 CV 9340 (CS)
       Janie Mckennie v. City of Mount Vernon et al.

Dear Judge Seibel:

The City seeks a pre-motion conference in the above-referenced matter to be held at a date and time convenient to the Court.  Plaintiff's Complaint, containing fifteen (15) counts and seeking fifteen ($15,000,000.00) million dollars must be dismissed as a matter of law as the Complaint does not contain sufficient factual matter to state a claim to relief that is plausible on its face.  Furthermore, Plaintiff's claims are beyond the statutorily imposed statute of limitations of 42 U.S.C. §2000e.  Cetina v. Longworth, 2014 U.S. App. Lexis 17282, 1-2 (2d Cir. 2014) (holding that a "Title VII employment discrimination claim must be filed with the Equal Employment Opportunity Commission… or New York State Division of Human Rights… within 300 days of the alleged unlawful practice.")

A review of Plaintiff's Complaint filed herein, devoid of its conclusory allegations and self-serving propositions, establishes that the Complaint is insufficient to allow this Honorable Court to draw any reasonable inference that Defendants are liable to Plaintiff.

***Plaintiff's Complaint***

Plaintiff, an African American female, alleges that on February 28, 2009 she witnessed Defendant Michael Marcucilli, a Caucasian male use excessive force (Paragraph 14).  Plaintiff claims she exercised her First Amendment Rights by giving an official statement to Internal Affairs on March 4, 2009.  Plaintiff states that from on or about March 9, 2009 through April 2011 (Paragraph 18) and from February 6 through July 23, 2012 (Paragraph 36) officers and supervisors became very standoffish and refused to speak with her and that she faced inherent dangers in carrying out her police duties as Caucasian males intentionally slowed down their

Page 2 of 3
14 Civ. 9340
December 15, 2014

response (Paragraphs 19-20).  On January 27, 2012 and on February 9, 2012, she was advised that a profane picture with her name on it was inside the male locker room (Paragraphs 25 & 27). On October 18, 2012, she was advised that another profane drawing existed in the male bathroom.  On February 6, 2012, Defendant Marcucilli murmured an expletive as he handed her reports (Paragraph 30) and ordered her to leave the Radio Room on August 23, 2012 (Paragraph 41) and tried to intimidate her (Paragraph 42).

### *Pleading Standards*

Based on the Twombly and Iqbal standards, this Court will find that Plaintiff's Complaint cannot survive a motion to dismiss as it fails to "contain sufficient factual matter ... to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662 (2009) (*quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (*citing* Twombly, 550 U.S. at 556). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiffs obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Thus, unless a plaintiffs well-pleaded allegations have "nudged [its] claims across the line from conceivable to plausible, [the plaintiffs] complaint must be dismissed." Twombly at 570; Iqbal. 129 S.Ct. at 1950-51.

"(I)ndividuals are not subject to liability under Title VII," a successful Title VII claim requires a specific basis to impute harassment liability to an employer. Patterson v. County of Oneida, N.Y., 375 F.3d 206, 221 (2d Cir. 2004) citing Wrighten v. Glowski 232 F.3d 119 (2d Cir. 2000). Plaintiff alleges no facts that constitute negligence or harassment liability on behalf of the City. The vague and sporadic allegations do not constitute a hostile work environment under the law. Plaintiff's Complaint fails to plausibly allege that her workplace was permeated with "discriminatory intimidation, ridicule and insult... sufficiently severe or pervasive to alter the conditions of her employment and create an abusive working environment. Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993) quoting Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 67 (1986). Factors determinative of the hostile work environment, include the frequency of the discriminatory conduct (there is no reference to frequency), its severity, whether it is physically threatening or humiliating or a mere offensive utterance and whether it unreasonably interferes with an employee's work performance. Gorzynski v. JetBlue Airways Corp., 596 F.3d 93 (2d Cir. 2010). Plaintiff's allegations revolve around one officer. None of those actions involve any adverse action taken by the employer. Her Complaint does not state that she received any negative comments, reviews or reports regarding her concerning her job performance.

Page 3 of 3
14 Civ. 9340
December 15, 2014

***<u>Plaintiff Never Filed a Claim with the EEOC or State Division of Human Rights</u>***

The complaint is utterly devoid of any mention of filing any Title VII claims with either the Equal Employment Opportunity Commission ("EEOC") or the New York State Division of Human Rights ("SDHR"). The requirement that a Plaintiff must timely file a claim with either agency within 300 days of the supposedly unlawful employment practice is firmly established in the Second Circuit. <u>See</u> <u>Baroor v. N.Y. City Dep't of Educ.</u>, 362 Fed. Appx. 157, 159, 2010 U.S. App. LEXIS 1399, 3 (2d Cir. N.Y. 2010); <u>see also</u> <u>Quinn v. Green Tree Credit Corp.</u>, 159 F.3d 759, 765 (2d Cir. 1998). Plaintiff <u>never</u> filed any charges with the aforementioned agencies. Construing the dates in Plaintiff's complaint in the most positive light, Plaintiff would have needed to file a claim with the EEOC or SDHR no later than June 19, 2013 (300 days from August 23, 2012, the last alleged incident, Paragraph 41). As of December 15, 2014, no charges have been filed with either the EEOC or SDHR. Therefore, Plaintiff failed to satisfy a prerequisite of a Title VII employment discrimination claim. Accordingly, as a matter of law, all claims relating in part or in whole to allegations under Title VII must be dismissed since Plaintiff did not file a claim with either the EEOC or SDHR.

Plaintiff's complaint is full of mere recitations of elements of actions, boilerplate language, and barebones assertions. Additionally, Plaintiff completely fails to allege any facts relating to the 300 day filing requirement with either the EEOC or SDHR. Accordingly, Plaintiff's complaint must be dismissed in its entirety.

Pursuant to the Court's Individual Rules of Practice, please accept this correspondence as a request for a pre-motion conference to file a FRCP Rule 12(b)(6) motion to dismiss Plaintiff's claims.

We look forward to the Court's direction on the matter.

Very truly yours,

Hina Sherwani (HS 8283)

cc:     (via email)

Mr. Eric Sanders, Esq.
1140 Avenue of the Americas, 9th Floor
New York, New York 10036
esanders@thesandersfirmpc.com